IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVGENII BAIZHIGITOV,           )
                               )
            Plaintiff,         )
                               )
v.                             )
                               )  Case No. 16-CV-2057-JAR-TJJ
FINNAIR,                       )
                               )
            Defendant.         )
                               )

**REPORT AND RECOMMENDATION ON MOTION TO
PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff commenced this action *pro se* on January 22, 2016 by filing a Complaint (ECF No. 1) alleging difficulties obtaining airline tickets at O'Hare Airport from the carrier Finnair. This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 2). Plaintiff also submitted an affidavit of financial status in support of his motion. The Court has considered the motion and affidavit and recommends that Plaintiff's motion be denied.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[1] In construing the application

---

[1] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

1

and supporting financial affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.[2]

Based on the information contained in his Affidavit of Financial Status (ECF No. 2-1), Plaintiff has not shown a financial inability to pay the required filing fee. Plaintiff claims weekly income in the amount of $1,200 from his wife's employment as a milling tech for a dental laboratory, which equates to $5,200 monthly.[3] Plaintiff claims monthly expenses of $1,566.[4] He has no dependents, owns two vehicles with no debt on either, and he and his wife have $6,000 in a joint bank account. Based on this information, Plaintiff has not established that his access to the courts would otherwise be seriously impaired if he is not granted *in forma pauperis* status.

The Tenth Circuit has held that magistrate judges do not have authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is the functional equivalent of involuntary dismissal.[5] The undersigned Magistrate Judge therefore submits to the District Judge the following Report and Recommendation regarding Plaintiff's motion.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 2) be **DENIED.**

---

[2] *See, e.g., Alexander v. Wichita Housing Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's net income exceeded his monthly expenses by more than $700.00); *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (denying motion where plaintiff and spouse had monthly net income of $2,000.00 and monthly expenses of $1715.00); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00"); *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *2 (D. Kan. Apr. 9, 1997) (denying motion where plaintiff had net monthly income of approximately $1500.00 and monthly expenses of $1,115.00).

[3] Aff. Fin. Stat. (ECF No. 2-1) at 3.

[4] *Id.* at 5.

[5] *Lister,* 408 F.3d at 1311-12.

**IT IS FURTHER RECOMMENDED** that Plaintiff be reminded that he must serve summons and a copy of the complaint upon Defendant within 90 days after the complaint was filed. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS THEREFORE ORDERED** that a copy of this Report and Recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. R. 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to this case, his written objections to the findings of fact, conclusions of law, or recommendation of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated in Kansas City, Kansas this 8th day of February, 2016.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge